Dear Mr. Arceneaux:
We received your request for our opinion regarding a proposed contribution of public funds to a private organization which provides employment and training opportunities to senior citizens. One of the services provided by the corporation is placing senior citizens with a host agency which "employs" these senior citizens at no cost. The corporation has asked for contributions from its host agencies so that it can expand and enhance the services it provides to senior citizens.
Because your request questions the use of public funds, it must be addressed in light of Article 7, Section 14 of the Louisiana Constitution of 1974 which prohibits the state or any of its political subdivisions from loaning, pledging, or donating funds, property or things of value to or for any person, association, or corporation. The Louisiana Supreme Court has ruled that Article 7, Section 14 is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. LouisianaMunicipal Risk Agency, 439 So.2d 399 (La. 1983).
Clearly, the state is not obligated to this private corporation; therefore, it may not simply contribute public funds to it. To do so would be tantamount to a donation of public funds which is expressly prohibited by the constitution.
Article 7, Section 14 B of the Louisiana Constitution of 1974 sets forth a number of exceptions to the disallowance of donations of public funds and specifically authorizes the use of public funds for programs of social welfare for the aid and support of the needy. Our office has consistently opined that in order to avail itself of this exception, the state must insure that there is some type of objective criteria to properly identify those who are needy. See Attorney General Opinion Nos. 01-86, 00-174, and 99-250.
You may also consider utilizing the provisions of Article 7, Section 14 C of the Louisiana Constitution which authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with governmental agencies, public or private corporations and/or individuals. Our office has consistently opined that such a cooperative endeavor, to be legally permissible, must be made pursuant to a valid legal obligation; must be for a public purpose; and, it must result in a public benefit which is proportionate to its cost. See Attorney General Opinion No. 01-86 and 99-68. Thus, the host agency, which is typically a local council on aging, may consider entering into a cooperative endeavor with this private corporation. The council on aging is certainly authorized to serve the needs of the elderly. Such an expenditure serves a public purpose. The host agency receives senior employees and the private corporation receives funds to enhance the services it provides to seniors. Thus, assuming that the public benefit is proportionate to its cost, this arrangement may be made through a cooperative endeavor.
In sum, the state may contribute funds for use in a program for the aid and support of the needy, i.e. the elderly, as long as there is some type of objective criteria, such as income level, used to establish those who are truly needy. The state may also utilize the provisions of Article 7, Section 14 C as discussed above.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt
DATE RECEIVED: July 31, 2001
DATE RELEASED: August 23, 2001